BRYANT, et ux. *v.* HUTTO, et al.

No. 40281          November 5, 1956          90 So. 2d 187

*Ben Stevens,* Hattiesburg; L. Barrett Jones, Jackson, for appellants.

*J. D. Arrington,* Gulfport, for appellees.

GILLESPIE, J.

The bill filed by appellants, husband and wife, against appellees, A. C. Hutto and Mrs. J. E. Gartrell, averred that appellants entered into a contract with A. C. Hutto and J. E. Gartrell, then husband of Mrs. J. E. Gartrell, who inherited the estate of J. E. Gartrell upon his death, whereby appellants agreed to purchase 12 lots from Gartrell for $1750.00, and the purchasers were to build a house on said property out of materials furnished by appellees, and when the house was finished a new contract would be made between the parties after adding the cost of the materials to the cost of the lots, less any amount paid in the interim, and the whole amount to be paid off at $25.00 per month plus 6% interest. Appellants were to pay all taxes for the year 1944 and thereafter. When the indebtedness was paid in full, appellees were obligated to deed the property to appellants. The contract was in writing. Actually, there were two contracts—one dated July 24, 1944, and one dated September 1, 1944, but both contracts are treated as one since the second contract was entered into to include two additional lots. No new contract was made after the house was built.

Appellants charged that they had paid $1720.38 on the contract, and exhibited a statement whereby they claimed appellees owed them $2722.65 for certain labor performed for appellees. Appellants also charged that when they built the house on the lots described in the contract appellee Hutto selected the lot and staked it off and appellants built the house as directed by Hutto, but that a mistake was made and the house was built so that the larger part thereof was in the street, resulting in damage to appellants in the sum of $2500.00, for which appellees were liable. Appellants prayed for an accounting to determine what they owed on the house, for a decree for the amount of the labor bill amounting to $2722.65, for damages in the sum of $2500.00 for the mislocation of the house, and

that appellants be adjudged to be the owner of the premises described in the contracts.

Appellees filed an answer admitting certain parts of the bill, but denied in general terms that they owed appellants the sum of $2722.65 for labor; denied that Hutto alone selected the location for building appellants' house, but that Hutto told appellants to build the house further back and that appellants did not take Hutto's suggestion. Appellees exhibited a list of debits and credits in connection with the contract and certain other items claimed by appellees to be covered by the contract, and charged that appellants still owed appellees $1414.61 on the contract. The appellees' cross-bill charged that appellants were in arrears on the contract and asked for a judgment and for a foreclosure.

The chancellor heard all the evidence and entered a decree granting appellees a personal decree against appellants for $1,000.00, plus interest from the date of trial to the date of the decree, amounting to $90.00, and ordered the property involved in the suit to be sold to satisfy the judgment, if the judgment was not paid within sixty days.

We will discuss the facts separately on the several questions raised.

■■ ■ Appellants contend that the chancellor was in error in denying appellants' claim for $2722.65 alleged to be due by appellees for labor. Appellants testified that they had a contract to work on certain houses belonging to appellees at an hourly rate of $1.70 for the services of both appellants and a helper; that pursuant thereto they performed labor for which they earned the total sum of $2722.65. Appellee Hutto testified that he never had any agreement with appellants for labor to be paid for at an hourly rate, but that appellants did perform certain work under an agreement whereby appellants were paid by the job; and that each week appellants were paid in cash for one-half of the amount earned and

the other half applied to appellants' debt on the lots, for which receipts were issued to appellants. Hutto was corroborated in his version by the actions of the parties, his records, and other testimony. The chancellor was fully justified in finding for appellees on this issue of fact, and we cannot say that he was manifestly wrong.

■■■ Appellants further contend that the chancellor erred in admitting any evidence on behalf of appellees as to the correctness of the itemized account for the labor claim of $2722.65, because, they contend, appellees did not specify wherein the account was correct. There is no merit in this contention. Appellees denied liability on the account. They proved to the satisfaction of the chancellor that appellee did not employ appellants on an hourly basis but by the job, and that all sums due on a job basis had been paid. It was not required that appellees particularize wherein the account was correct when they denied liability for the whole account.

Appellees' account against appellants was attached to their answer and cross-bill. At the time of the hearing, Hutto calculated the balance due to be $1546.45. Included in the items charged against appellants, in addition to the sum of $1750.00 for the purchase price of the lots under the contract of sale, were additional items as follows: Loan of money, $300.00; amount paid to a loan company to discharge appellees' note, $40.32; Taxes paid by appellees on the lots covered by the sales contract for about ten years and which appellants were required to pay under the contract, $283.19; Insurance on the house built by appellants, $118.67; Water rent, $12.00; and certain other items not necessary to designate, some of which appear to have been materials for the construction of the house.

The parties treat the contract as an equitable mortgage. Title remained in appellees and appellants were entitled to a deed when the price of the lots and materials for the house were paid in full. Appellants contend that

the sum of $1,000 was not due on the lots and materials for the house and that the chancellor erred in ordering the property sold to satisfy the whole sum of the judgment. In this, appellants are correct. According to the contract, appellants were entitled to a deed to the property when the price of lots and materials furnished by appellees were paid for.

We hold that notwithstanding oral agreements made from time to time that all items charged to appellees by appellants would be secured by the contract, appellants would be entitled to a deed to the property when they have paid the balance due on the lots, materials furnished by appellees to build the house, and the taxes paid by appellees on the property. Those items, and only those, were liens against the real property. All other items owing by appellees were on open account and not secured by the property.

The payment of advalorem taxes was necessary to preserve and protect the property. Appellants were under the duty to pay such taxes by the terms of the contract. Appellees paid such taxes and should have a lien for the amount. But the payment of insurance premiums is not a lien on the property. It is a desirable convenience and protection, but not a necessity, and we find no authority whereby a lien holder may pay insurance premiums and have a lien against the property save by contract. Woolbert v. Lee Lumber Company, 151 Miss. 56, 117 So. 354; 36 Am. Jur., Mortgages, Par. 57, 68.

It is not clear from the record just how much is due on the lots and materials. Hutto testified that as of the date of trial the balance due by appellees was $1546.45. Without detailing his testimony as to the items of principal and interest that made up this balance it is manifest from his testimony that the balance on the lots and materials and taxes, with accrued interest, did not amount to as much as the $1,000 judgment. It was, therefore, er-

ror for the chancellor to order the property sold to satisfy the whole judgment.

■■ ■ We are not advised how the chancellor arrived at the amount of the judgment rendered. It is less than the amount shown by appellees' proof, but no cross-appeal challenges the amount, and the amount found to be due by appellants, $1,000 as of the date of the trial below, is affirmed.

■■ ■ We hold that the action of the lower court in denying appellants' claim for damages for the alleged mislocation of the building site by appellee Hutto should be affirmed. The chancellor was fully justified in finding that Hutto did not claim to know the exact location of the boundaries, and that he suggested that appellants' place their house further back to be sure they did not build in the street. The evidence as to this feature of the case was in conflict. We cannot say the chancellor was manifestly wrong.

■■ ■ Appellees raise for the first time in this Court a question of application of payments. No issue was made in that regard in the court below. We do not accept the issue under these circumstances.

For the reasons stated the lower court decree is affirmed insofar as it denied to appellees recovery of the labor claim and the claim for damages for the alleged mislocation of the house site. The decree is also affirmed as to the amount found to be owing to appellees by appellants. The decree is reversed insofar as it provides for the sale of the property for the full amount of the judgment and is remanded for the limited purpose of ascertaining the balance due on the purchase price of the lots, the materials furnished by appellees in the construction of the house by appellants, and the amount of taxes on the property paid by appellees, together with interest thereon, and the total thus found shall be the amount of appellees' lien on the land.

Affirmed in part and reversed in part and remanded.

*Roberds, P. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.